

**FILED**
**Aug 02, 2018**
**08:52 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | |
|---|---|
| **DAVID CHRISTMAS,** | ) Docket No. 2016-02-0110 |
| **Employee,** | ) |
| **v.** | ) |
| **MORRISTOWN LOGISTICS,** | ) State File No. 20719-2015 |
| **Employer,** | ) |
| **and** | ) |
| **PRAETORIAN INSURANCE CO.,** | ) Judge: Brian K. Addington |
| **and** | ) |
| **MIDWESTERN INSURANCE CO.,** | ) |
| **Insurance Carrier.** | ) |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

David Christmas filed a Request for Expedited Hearing seeking medical benefits for his settled March 2015 work-related accident at Morristown Logistics. After reviewing the file, the Court determined it would make an on-the-record determination rather than conduct an in-person evidentiary hearing, holding it needed no additional information to determine whether Mr. Christmas is likely to prevail at a hearing on the merits.

The Court sent a docketing notice giving the parties seven business days to object to any of the contents of the record and to file a brief. Morristown Logistics filed a Position Statement. The case now comes before the Court on July 31, 2018, on the issue of whether Mr. Christmas is entitled to additional pain management. Because the medical evidence supports his claim, the Court grants the requested relief.

### Claim History

The parties appeared before this Court on April 21, 2016, and settled Mr. Christmas' March 3, 2015 low-back injury case with a provision for future medical treatment. Afterwards, he came under the care of Dr. Miguel Castrejon in Colorado Springs, Colorado, for pain management.

1

Dr. Castrejon first examined Mr. Christmas in September 2017. Dr. Castrejon did not order narcotic pain medication but prescribed Lyrica and LidoPro patches. In October, Dr. Castrejon prescribed vicoprofen, a narcotic, due to Mr. Christmas' continued pain. Dr. Castrejon told him that he must attend follow-up appointments and follow the agreed care plan regarding prescription medications. After the October appointment, Mr. Christmas tested positive for alcohol and THC. In December, Dr. Castrejon discharged him from his practice due to elevated alcohol levels, but he provided him a list of three providers for continued care.

After Dr. Castrejon dismissed him, Mr. Christmas requested continued medical treatment from Morristown Logistics, who denied his request for violating a pain management contract. Later, Dr. Castrejon wrote a letter to correct Mr. Christmas' discharge paperwork and noted that he did not actually sign a pain management contract. However, Morristown Logistics continued to deny Mr. Christmas further medical treatment.

Mr. Christmas requested continued medical treatment per his settlement agreement. He argued that he could not understand how he tested positive for elevated alcohol levels when he only had a drink with dinner the night before the test. Morristown Logistics argued that Mr. Christmas violated an unwritten agreement and a statutory provision to comply with Dr. Castrejon's treatment plan, and it had a right to suspend his medical treatment.

**Findings of Fact and Conclusions of Law**

Mr. Christmas has the burden of proof but need not prove every element of his claim by a preponderance of the evidence to receive relief at an expedited hearing. Instead, he must present sufficient evidence showing he would likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Dr. Castrejon dismissed Mr. Christmas from pain management because he failed two drug tests. However, Mr. Christmas did not sign a written agreement prohibiting unauthorized drugs mentioned in the Workers' Compensation Law so that an employer may terminate pain management. *See* Tenn. Code Ann. § 50-6-204(j)(4)(A) and (B). Mr. Christmas' actions violated Dr. Castrejon's verbal instructions regarding compliance, but the Court finds his actions were unintentional. Dr. Castrejon noted that he discharged him for elevated alcohol levels, but he also provided Mr. Christmas with a list of three providers for continued care. The Court further finds that Dr. Castrejon thought Mr. Christmas needs continued pain management.

Based on the evidence presented, the Court finds that Mr. Christmas did not violate a signed, written pain management agreement, which would give Morristown Logistics a statutory right to terminate pain management. Thus, the Court holds that Mr.

2

Christmas is likely to succeed at a hearing on the merits as to his right to continued pain management.

**IT IS, THEREFORE, ORDERED** as follows:

1. Morristown Logistics shall provide Mr. Christmas a panel of pain management specialists within his community and schedule an appointment with the physician he chooses.

2. This matter is set for a Scheduling Hearing on August 23, 2018, at 2:00 p.m. (EDT). **You must call toll-free at 855-543-5044 to participate in the Hearing. Failure to call in may result in a determination of the issues without your further participation.**

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2016). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED August 2, 2018.**

/S/ Brian K. Addington
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Record Considered:**

1. Petition for Benefit Determination with attachments
2. Dispute Certification Notice with attachments
3. Request for Expedited Hearing
4. Affidavit
5. Notice of Appearance
6. Correspondence from Morristown Logistics dated June 1, 2018
7. Emails dated June 14, 2018
8. Employer Position Statement

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on August 2, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| David Christmas, Employee | | | X | dillonmas@gmail.com |
| Michael Jones, Employer's Attorney | | | X | michael.jones@wimberlylawson.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4